Daniel, J.
delivered the opinion of the court.
• This court, without deciding on the other defences set up by the testator of the appellant in his answer to the original and amended bills of the appellees, is of opinion that there is no competent and sufficient proof in the cause of the legal organization of the company. Proof of its organization having been distinctly called for, it was incumbent on the appellees to have furnished it. The only proof which they have furnished is the ex parte affidavit of Alfred Beekley, who states that he was present, on the 14th day of February 1840, at the house of Major Henry Montgomery in Fayette county, at a meeting of the stockholders of the company; that a majority of all the votes, representing 20,000 dollars, or one-half the capital stock of said company, was present, by proxy or in person; and that the company was then and there duly and properly organized and constituted pursuant to the act conferring the charter and also the general act regulating the establishment and organization of *112 turnpike road companies. And upon this affidavit there is endorsed an exception to it, as being ex parte and illegal, signed Bailey and Reynolds, who it is but ^1' presume were acting as the attorneys of the defendant. The appellees having brought their cause to a hearing on this vague and incompetent proof of their organization, the Circuit court ought to have dismissed their bill. And this court would now proceed to set aside the interlocutory and final decrees made in the cause and dismiss the bill, were it not that such a course would work injustice to the appellant. It seems that when this suit was first heard in the Circuit court there was also pending in the same court a suit brought by Peter Bowyer, the testator of the appellant, against Waite and Clay, to subject certain lands sold them to the payment of the purchase money." On the 4th September 1848, both causes were heard together, and the court, declaring its opinion that the company had a right to resort to the funds in the hands of Waite and Clay for the satisfaction of the balance of the stock subscribed by Bowyer, and that Bowyer had a right, in his suit, to assert his vendor’s lien against the lands in the hands of his vendees for the payment of the purchase money therefor, to wit, 500 dollars, with interest thereon from the 1st of October 1842, till paid, decreed that Waite and Clay should pay to the company the sum of 270 dollars 63 cents, with interest on 200 dollars, part thereof, from the 20th of January 1848, (that being the balance claimed to be due to the company by Bowyer on account of his subscription for stock,) and also the costs of the suit of the company against Bowyer & ais., and that Waite and Clay should pay the residue of the amount due on account of the purchase money of the lands to Bowyer; and also further decreed that unless Waite and Clay should pay the said sums, as adjudged, *113 within thirty days, the lands should be sold on certain terms in the decree specified. A sale was made and reported, and the two causes were brought on to be heard together, finally, on the 2d April 1849, when the court confirming the sale made an order for the collection of so much of the purchase money as should be sufficient to satisfy the amount due to the company, and its payment to them; and also gave a decree for Bowyer against Waite and Clay for the balance of the money due by them for their purchase, after deducting the net amount of the proceeds of the sale made under the order of the court.
In this state of things, to set aside the decrees, or so much of them as is prejudicial to the rights of the appellant, and dismiss the bill without further order, would be unjust to the appellant, as the fund arising from the sale made by the order of the court, and to which he is entitled, would thus be left, in the hands of the purchaser, undisposed of. It appears, from the report of the commissioners who executed the order of sale, that the lands were purchased by John Bowyer ; but it nowhere appears whether he and the appellant are the same person. Under these circumstances it is deemed proper to set aside so much of the interlocutory decree of the 4th September 1848, as orders Waite and Clay to pay to the company the sum of 270 dollars 63 cents, with interest and the costs of suit, and also so much of the final decree as orders the collection from the purchaser of the sum of 343 dollars 29 cents, and its payment to the company, and to affirm the balance of said decrees in other respects, with costs to the appellants; and to remand the cause to the Circuit court, with directions to make an order for the collection of the money due on the purchase made at the sale ordered by the court, and the payment of its net proceeds to the appellant, in *114 part satisfaction of the amount due by Waite and, Clay, if the purchaser and appellant are different per- and if not, to order that the appellant, as adniinistrator of P. Bowyer, retain the amount due by Mm on his purchase, and apply the same as a credit on the debt due by the said Waite and Olay, and to dismiss the bill at the costs of the company. Decree accordingly.